FILED
SUPERIOR COURT
OF GUAM

2025 AUG -4 PM 1:44

CLERK OF COURT

BY:_____/mv_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PACIFIC WAR MUSEUM FOUNDATION, **Plaintiff,** vs. **WON SUN P. MIN, BANK OF GUAM,** **Defendants.** | Civil Case No. CV0547-23 **DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

This matter came before the Honorable Dana A. Gutierrez on May 6, 2025, for a Motion Hearing on Defendant Won Sun P. Min's ("Min") Motion to Dismiss for Failure to Prosecute (Nov. 5, 2024). At the hearing, Attorney Vanessa L. Williams appeared on behalf of Min, and Attorney Louie Yanza appeared on behalf of Plaintiff Pacific War Museum Foundation (the "Foundation"). Upon review of the arguments, pleadings, and applicable Guam law, the Court hereby **DENIES** Min's Motion to Dismiss.

### BACKGROUND

On September 1, 2023, the Foundation filed a Complaint against Min and Bank of Guam, alleging causes of action for Statutory Negligence, Negligence, Breach of Contract, and Conversion. *See* Compl. (Sept. 1, 2023). The first three causes of action were alleged against Bank of Guam, and the Conversion cause of action was alleged against Min. Shortly after filing the Complaint, the Foundation dismissed Bank of Guam as a defendant. *See* Notice of Dismissal With Prejudice (Sept. 18, 2023). Thus, the only remaining cause of action in this case is the Conversion

cause against Min. The Foundation alleges that Min "withdrew funds [from Bank of Guam] belonging to the Foundation on three separate occasions," and that Min "has not reimbursed or returned the amounts withdrawn without authorization." Compl. at 6. The Foundation seeks damages of $75,000.00, as well as per annum interest, punitive damages, court costs, and attorney's fees. *Id.* at 6-7. On October 20, 2023, Min filed her Answer, largely denying the allegations and raising several affirmative defenses.

On November 16, 2023, the Foundation filed a Proposed Scheduling Order and a Proposed Discovery Plan, both of which were signed by counsel for both parties. *See* CVR 16.1 Form 2 (Nov. 16, 2023); CVR 16.1 Form 3 (Nov. 16, 2023). On November 27, 2023, the Court issued its Scheduling Order and a Discovery Plan, which largely tracked the parties' proposals.[1] Relevant here, the Court (1) ordered the parties to make their initial disclosures by January 15, 2024; (2) set the discovery cut-off date for October 1, 2024; (3) set the dispositive motion cut-off date for November 11, 2024; and (4) set a trial date for December 9, 2024.

Throughout 2024, the Court held Status Hearings to monitor the progress of the case. At a Status Hearing in March 2024, the Foundation informed the court that the parties were "moving along" with the case and noted the possibility of a settlement. Min. Entry (Mar. 26, 2024). The Court reminded the parties that the discovery cut-off date was October 2024. *See id.* Neither party raised any issues connected to the discovery process. At a Status Hearing in August 2024, the Foundation asserted it was prepared to go to trial, and Min indicated she would be filing case-dispositive motions in advance of the motion cut-off date. Min. Entry (Aug. 13, 2024). The Court again reminded the parties of the discovery cut-off date, and the parties again raised no issues

---

[1] The Court fixed a minor typographical error regarding the dispositive motion cut-off date in the Proposed Scheduling Order. The Court also added a trial date and amended the deadline for filing trial briefs.

connected to the discovery process. *See id.*

On November 5, 2024, Min filed the instant Motion, asserting that the Foundation "has done nothing to prosecute its claims since filing the Complaint." Mot. Dismiss at 3 (Nov. 5, 2024). On November 19, 2024, the Foundation filed its Opposition, denying that it has failed to prosecute in any way. On December 17, 2024, Min filed her Reply. On May 6, 2025, the Court heard arguments on the Motion and subsequently took the matter under advisement.

## DISCUSSION

### 1. The *Santos* Factors Do Not Guide the Fact-Finding for Failure to Prosecute

Min brings her Motion to Dismiss for Failure to Prosecute under Guam Rule of Civil Procedure ("GRCP") 41(b), which provides: "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." (emphasis added). Min analyzes her claim of a failure to prosecute under the Guam Supreme Court's five-factor test adopted in *Santos v. Carney*, 1997 Guam 4:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket,
3. The risk of prejudice to the [moving party]
4. The public policy favoring the disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Id.* ¶ 5 (quoting *In re Eisen*, 31 F.3d 1447 (9th Cir. 1995)). Min appears to argue that the question of whether the Foundation has failed to prosecute should be analyzed with an eye to the *Santos* factors. *See* Reply at 1 ("There is no definition of what constitutes a 'failure to prosecute' under the Guam Rules of Civil Procedure, and so the Court looks at whether dismissal is appropriate under the [*Santos*] factors"); *id.* at 2 ("the circumstances of this case show that the Foundation failed to prosecute this case when weighing the *Santos* factors.").

Min's analytical approach appears to blend two distinct inquiries: first, whether the plaintiff

3

has failed to prosecute, and second, whether the plaintiff's failure to prosecute warrants dismissal of the case. The *Santos* factors guide the analysis of the second inquiry. *See, e.g., GEDA v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 11 ("we have employed the following five-factor test to determine <u>whether dismissal is appropriate</u> under GRCP Rule 41(b)" (emphasis added)). But before considering whether dismissal is appropriate—that is, before performing the *Santos* analysis—the Court first must find that there has actually been a failure to prosecute. *See Lujan v. Tebo*, 2024 Guam 15 ¶ 15 ("a trial court must first make the factual determination that there has been a failure to prosecute before imposing the sanction of dismissal.").

The Guam Supreme Court "has not expressly defined the action (or inaction) amounting to a failure to prosecute under Rule 41(b)," *Quitugua v. Flores*, 2004 Guam 19 ¶ 16, and "there is no bright-line rule or specified time period that automatically constitutes a failure to prosecute," *Lujan v. McCreadie*, 2014 Guam 19 ¶ 8. Instead, "[t]he trial court must consider all of the pertinent circumstances in exercising its discretion, and what constitutes 'failure to prosecute' depends on the facts of the particular case." *Tebo*, 2024 Guam 15 ¶ 16 (quoting *Bank of Guam v. Nelson*, DCA No. 84-0058A, 1985 WL 56591, at *1 (D. Guam App. Div. June 28, 1985)). Ultimately, "whether the action (or inaction) of a plaintiff constitutes a failure to prosecute is an issue of fact for the trial court to decide case by case." *Id.*

The *Santos* factors cannot be used as a tool for finding that the plaintiff has failed to prosecute. These factors are not calibrated to *make* a finding; they assume the finding has already been made. An analysis of "the public's interest in expeditious resolution of litigation" only makes sense after a finding that the case has not been resolved expeditiously. An analysis of "the availability of less drastic sanctions" only makes sense after a finding that the plaintiff's inaction is sanctionable at all. In short, the Court must decouple Min's analysis into two separate inquiries:

4

first, whether the facts and circumstances of the case as a whole demonstrate a failure to prosecute, and second, if (and only if) so, whether the *Santos* factors favor dismissal.

## 2.     The Foundation Has Not Failed to Prosecute

Min asserts that the Foundation has failed to prosecute because it "has done nothing to move [its] case forward." At the outset, the Court notes that the Foundation filed the Proposed Discovery Plan and the Proposed Scheduling Order, both of which indicate that the Foundation met and conferred with Min as required by GRCP 26(f). The Foundation has also appeared for every scheduled pre-trial hearing and has updated the Court on case progress at each hearing. Min thus overstates her claim in alleging the Foundation has done "nothing."

Semantics aside, the salient question here is not what the Foundation did, but what the Foundation *failed* to do—that is, what actions it needed to have taken to avoid "unreasonable delay i[n] pursuing the case." *Columbia Falls Aluminum Co. v. Wausau Underwriters Ins. Co.*, 36 Fed. Appx. 284, 286 (9th Cir. 2002). Min repeatedly asserts that the Foundation has delayed the progress of this case. *See, e.g.,* Mot. Dismiss at 3 ("Advancement of Plaintiff's claims to resolution were strictly within their control, and their continued failure to prosecute their claims to a resolution at trial is the only reason a final resolution has not been reached."); Reply at 7 ("Dismissal is appropriate and necessary to deter similar dilatory conduct in the future"). However, Min offers few direct allegations as to *how* the Foundation has delayed the case. The Court identifies three specific factual allegations in the Motion: (1) the Foundation failed to take discovery from Min, Mot. Dismiss at 4; (2) the Foundation failed to disclose "expert materials" to Min by the Court-imposed deadline, *id.*; and (3) the Foundation submitted its initial disclosures after the Court-imposed deadline, *id.* at 3.

First, it appears undisputed that the Foundation did not take any discovery from Min.

5

However, Min has provided no authority holding that a plaintiff is required to take discovery from a defendant, and the authority the Court has found suggests the opposite. *See, e.g., Moore v. Natural Life Inc.*, 2021 WL 2546270 * 2 (D. Nev. June 18, 2021) ("[W]hile Moore has declined to take discovery in this matter, that does not mean her case should be dismissed for failure to prosecute; she merely believes that discovery is unnecessary for her success at trial."); *Cole v. Goord*, 2007 WL 2351066 * 3 (S.D.N.Y. Aug. 16, 2007) ("In any event, plaintiff is not required to seek discovery in his case. He is fully entitled, if he so chooses, to forego discovery and simply proceed to trial."). Here, the Foundation has indicated it intends to prove its case solely through the witnesses and documentary evidence already disclosed to Min. *See* Opp. Mot. Dismiss at 2. This choice is potentially perilous,[2] but it is ultimately within the Foundation's rights to make that choice, and it does not constitute a failure to prosecute.

Second, it appears undisputed that the Foundation did not disclose any "expert materials" by the Discovery Plan deadline. Mot. Dismiss at 4. However, it does not appear that the Foundation intends to call an expert witness at trial. *See* Opp. Mot Dismiss at 2. If the Foundation will not call an expert witness, then it has no materials to disclose. On the other hand, if Min's implicit contention is that the Foundation has failed to prosecute because it will not *offer* an expert, the Court does not agree. While expert testimony is required "if a subject matter is outside the knowledge or experience of lay people," it is not required "where the ability to make inferences and draw conclusions is within the common knowledge of a lay person." *Phillips-Foster v. UNUM Life Ins. Co. of America*, 302 F.3d 785, 797 (8th Cir. 2002). As Min notes, a cause of action for

---

[2] Min argues that the Foundation will be unable to prove certain elements of its cause of action without introducing additional documentary evidence. Reply Br. at 4 n.2. While this may prove true, it is an issue to be decided at trial, not on a motion to dismiss for failure to prosecute. The Court will not speculate at this time as to whether or how the Foundation can prove its case.

conversion requires the plaintiff to prove "(1) facts showing plaintiff's ownership or right to possession of property; (2) defendant's wrongful act toward, or disposition of, the property, interfering with plaintiff's possession; and (3) damage to plaintiff." *Marianas Hospitality Corp. v. Premier Business Solutions*, 2009 WL 750247 * 10 (D. Guam Jan. 14, 2009). These matters are squarely within the common knowledge and experience of lay persons, so an expert witness is not required to prove them. Accordingly, the Foundation's decision to not offer expert testimony does not constitute a failure to prosecute.

Third, it appears undisputed that the Foundation was late in submitting its initial disclosures, and the Foundation has offered no excuse for its late submission. Had Min brought this issue to the Court's attention sooner—i.e., during the approximately two months in which the initial disclosures were due but outstanding—she would have been within her rights to seek sanctions for the untimely disclosure. *See* GRCP 37(a)(2)(A). However, Min did not bring this issue to the Court's attention until November 2024, which is nearly ten months after the Foundation's failure to disclose and nearly eight months after Min belatedly received the disclosures. Moreover, while the initial disclosures were untimely, they were still provided to Min more than six months before the discovery cut-off. Min has not alleged that the untimely disclosures worked any specific prejudice to her discovery or trial preparation efforts, or that this has meaningfully delayed the progress of the case.[3] While the Foundation's late disclosure is

---

[3] Min responds, citing *Santos*, that "the law presumes a defendant is prejudiced when delay is unreasonable under the first two factors." Reply at 5. This is true to a point, but it is not the whole of the rule. As the Ninth Circuit has explained, "[t]he law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Thus, the lack of actual prejudice is a relevant consideration here.

problematic (see below), the Court is not persuaded that it caused any actual delay.

The Court also considers the contention of delay in the context of the case's overall schedule. From November 2023 until after this Motion was filed, trial was scheduled for December 9, 2024. At the time this Motion was filed, the Foundation had never asked for the trial to be rescheduled, nor had it ever requested an extension of any pre-trial deadline. Likewise, Min had never previously asked for the trial to be rescheduled, or for any pre-trial deadline to be extended, as a result of the Foundation's alleged inaction. Thus, at the time this Motion was filed, this case remained on the exact same schedule contemplated in the Court's Scheduling Order. For that reason, the Court is not persuaded that there was any "delay" in this case attributable to the Foundation's inaction—until the filing of this Motion, there was no delay at all. *Cf. Affordable Home Builder*, 2013 Guam 12 ¶ 15 ("In order to warrant dismissal for failure to prosecute, the record of delay should be clear.").[4]

Given all of these circumstances, the Court does not find that the Foundation has failed to prosecute its case. The Foundation's decisions to take no discovery from Min and to retain no expert witness are permissible strategic choices, and they caused no delay. The Foundation's untimely submission of initial disclosures, while impermissible, ultimately caused no delay either. Because the Foundation caused no delay, the Court finds that the Foundation has not failed to prosecute. The Court therefore does not need to analyze the *Santos* factors to determine whether

---

[4] In Min's Reply Brief she states that a *future* delay would be inevitable because the Foundation is in fact unprepared for trial, as evidenced by its failure to timely file its pre-trial disclosures. *See* Reply at 3-4. However, since this specific contention is raised only in her Reply Brief, it is waived. *See infra* Part 3. With that said, Min is not precluded from re-raising this argument in a different motion, if applicable, such as a pre-trial motion *in limine*.

the alleged failure to prosecute warrants dismissal.

### 3.    Min's Non-Compliance Argument is Waived

In her Reply, Min additionally argues that under GRCP 41(b), in addition to failure to prosecute, a defendant also may move for dismissal based on the plaintiff's failure to comply with the GRCP and/or court orders. Reply Br. at 1. Min notes two instances where the Foundation failed to comply with the Court's Discovery Plan: first, the aforementioned initial disclosure issue, and second, that the Foundation failed to make its pre-trial disclosures by November 8, 2024. However, the argument that the Court should dismiss based on non-compliance, rather than failure to prosecute, was not advanced in the initial Motion.[5]

"The general rule is that issues raised for the first time in a reply brief are deemed waived." *In re Estate of Concepcion*, 2003 Guam 12 ¶ 10. The rationale for this rule is that "allowing [the movant] to raise new arguments at this juncture is manifestly unfair to the [non-movant], who cannot respond to the issue, and it is unfair to the court itself, which would be without the [non-movant's] response." *Id.* The Court finds this rationale persuasive here, given that the new argument in Min's Reply is potentially case-dispositive. Because the issue was raised in a Reply, the Foundation has not had an opportunity to respond in writing, and the Court does not have the benefit of its written response now. Under these circumstances, this late-raised argument is **WAIVED** for purposes of this Motion. However, Min is not precluded from re-raising this argument, or a similar argument, if the Foundation again fails to comply with any Court-imposed

---

[5] The Motion contains two references to the Foundation's untimely initial disclosures, but in both instances, the issue was raised to support a failure-to-prosecute theory—not to establish a separate claim for dismissal based on non-compliance. *See* Mot. Dismiss at 1 ("Although Plaintiff provided Initial Disclosures to the undersigned, it was more than two months after the January 15, 2024 deadline. Plaintiff has done nothing to prosecute its claims."); *id.* at 3 ("Aside from Plaintiff's untimely disclosures, there has been no activity to prosecute Min.").

deadline.

### 4.    The Foundation is Hereby Warned to Comply with Court Orders

Although the Court has determined that Min's argument regarding non-compliance has been waived, the Court is nonetheless concerned that the Foundation appears to have missed two Court-imposed deadlines without providing any substantial justification. The Court is not currently inclined to dismiss this case on this basis. *See McCreadie*, 2014 Guam 19 ¶ 24 ("courts are strongly encouraged to consider lesser sanctions before dismissal."). However, the Court will not tolerate any further missed deadlines. The Foundation is hereby warned that if it misses any further filing deadlines, the Court is inclined to impose sanctions, up to and including the exclusion of evidence under GRCP 37(c)(1) or dismissal of the case under GRCP 41(b).

### CONCLUSION

The Foundation has not failed to prosecute this case, and Min has waived her argument that the Foundation has failed to comply with filing deadlines by raising the argument in her Reply. The Court therefore **DENIES** Min's Motion to Dismiss.

SO ORDERED: _____**AUG 0 4 2025**_____.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

10